## 11568.  TOWN OF SPARKS v. WILLIAMS.

The word " all," before the words " ordinary and reasonable care and diligence," in an instruction to the jury that the plaintiff, who sought to recover from the town for injuries caused in falling into an excavation in a street, could not recover if the defendant's employees exercised " all ordinary care and diligence," did not render the charge subject to exception on the ground that it placed too great a burden upon the defendant.

The exception to an excerpt from the charge of the court because of alleged error as to the position of the hole into which the plaintiff fell is without merit.

The verdict was supported by evidence.

DECIDED OCTOBER 13, 1920.

Action for damages; from Cook superior court — Judge Dickerson.  April 23, 1920.

The petition as amended alleged, in brief, that on May 3, 1915, the plaintiff, in attempting at night to cross to the opposite side of the street from the premises on which she and her husband resided, fell into a hole 2 feet and 6 inches in diameter and about 5 feet deep, which on the 12th of the preceding month the mayor and councilmen of the town had caused to be dug on the edge of the sidewalk on the south side of the street and in front of her residence, for the purpose of setting up a pole for electric wires, and had allowed to remain open and unguarded, and the existence of which was unknown to her because of her confinement to her home nursing her sick husband during the time of its existence, and that she thus received personal injuries described.  It was alleged that the defendant was negligent in allowing the hole to remain open and unguarded, and in failing to place signal lanterns or other lights about it or to have the street at that place sufficiently lighted.  The defendant denied the material allegations of the petition and contended that the fall was due to the plaintiff's own negligence.  The verdict was against the defendant, and in a motion for a new trial, which was overruled, it excepted to the charge of the court on the grounds indicated in the foregoing headnotes and in the decision, and alleged that the verdict was unauthorized, for various reasons stated.

There was testimony to the effect that the hole into which the plaintiff fell was at the edge of the sidewalk and between the sidewalk and a ditch at the side of the street in front of her home;

45

that dirt which had come out of the hole was piled up near it, next to the sidewalk, and that a plank or planks had been placed across the top of the hole by employees of the defendant. The superintendent of the defendant's light plant testified that it was his duty to see that such holes were "in proper shape," and that he saw this hole about 7 o'clock "that night" (about an hour before the time when the plaintiff, according to her testimony, fell into it), and the hole was then covered with plank— "some strips of a goods box and some plank"— 3 or 4 feet long and 5 inches wide, and about half an inch thick, not nailed down; that this covering was sufficient to hold the weight of an ordinary person, but he did not test it; that no rail or barrier or signal lantern had been placed there, but that the place was well lighted by arc-lights in the street. Another witness testified that a piece of board which had been over the hole was found on the edge of the hole when the plaintiff was discovered in it. The plaintiff testified that the hole was dark and she did not see it before she fell into it, and did not discover any covering or plank there, and that there was no light about the hole. There was much testimony on both sides and some conflict as to material facts.

*Jackson & Jackson, William D. Buie,* for plaintiff in error, cited: Civil Code (1910), § 898; 13 *Ga. App.* 86; 10 *Ga. App.* 709; 2 *Ga. App.* 369; 93 *Ga.* 662 (3).

*E. K. Wilcox, L. E. Laslinger,* contra, cited: 10 *Ga. App.* 754; Id. 709; 1 *Ga. App.* 413; 9 *Ga. App.* 62 (1).

SMITH, J. 1. There was no error, as complained in ground 7 of the motion for a new trial, in charging the jury that "the plaintiff cannot recover of the defendant, the Town of Sparks, if it shall appear to the satisfaction of the jury that the employees of the defendant, the Town of Sparks, exercised all ordinary and reasonable care and diligence." This is a correct statement of law applicable to the case.

2. Ground 8 of the motion for a new trial complains that "the following charge of the court is error: 'If you believe, from the evidence in this case, that the defendant, the Town of Sparks, left open a hole on the side of the streets as alleged in plaintiff's petition, etc.,'" because this charge led the jury to believe that if the hole was not on the sidewalk as alleged in the petition, and was on the side of the street, as charged by the court, the plain-

tiff would be entitled to recover. Taken together with the whole charge of the court, which was exceedingly fair to the defendant in the case, this assignment of error is purely technical and without merit.

3. The 1st, 2d, 3d, 4th, 5th and 6th grounds of the amendment to the motion for a new trial are merely amplifications of the general grounds. There was evidence to support the verdict of the jury, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins., P. J., and Stephens, J., concur.*